BOUGHER, Respondent, v. KIMBALL et al., Appellants.

1. A. served as mate on board a steamboat from April, 1854, to August, 1854, when the boat was laid up. When the boat stopped running, a portion of A.'s wages was due him. The boat commenced running again in October, and continued until December, 1854, A. serving as mate. As late as December only a portion of the wages due for services rendered previous to August was paid. A. also served as mate on board said boat from March, 1855, to July, 1855. The receipts entered in the books of the boat during this last mentioned period showed that A. was paid in full for each trip of the boat. *Held,* that upon these facts there was no legal presumption of the payment of the sum due A. when the boat was laid up in August, 1854.

*Appeal from St. Louis Law Commissioner's Court.*

*Krum & Harding*, for appellants.

I. So far as the defendants Kimball and Ware were concerned plaintiff's receipts raise a presumption of payment of the wages due August 26, 1854; it was error to refuse defendants' first and second instructions. (1 Pick. 332; Coxe, 35.) Upon the evidence under the law as declared in defendant's third instruction, the defendants Kimball and Ware were entitled to judgment in their favor. The plaintiff, a river man, would hardly have run upon the same boat so long after August 26, 1854, without demanding his back wages; nor would he have delayed his suit against the owners until March, 1857, if he had not released the boat and her owners by some arrangement. The instruction given in behalf of plaintiff was manifestly erroneous.

*Rankin* and *C. S. Hayden*, for respondent.

I. The facts raise no legal presumption of payment. There was no receipt in full, no settlement made or adjustment of matters between the parties. (17 Mo. 40.) There were merely particular specified payments or receipts. It is for the jury to say, from all the evidence in the case, what the effect of such payments or receipts is. (Reed v. Phillips, 4 Scam. 39; 7 Halst. 104; 9 Mo. 63.) Besides, the evidence, which appellants allege raised the presumption of payment, was explained by other evidence.

EWING, Judge, delivered the opinion of the court.

This was an action against the defendants as owners of the steamboat Columbus to recover the balance of one hundred and fifty dollars for wages due the plaintiff as mate on said boat for the month of July and up to 26th of August, 1854, at the rate of one hundred and fifty dollars per month. The plaintiff proved his services and their value. It appeared from the testimony of Parker, clerk of the boat, that the plaintiff shipped on board as mate, in February, 1854, and

remained until 26th of August, when the steamer was laid up ; that she came out again in October, when he went out again as mate and was mate on her when witness left her in December, 1854; that on the 26th of August there was due the plaintiff for wages as mate, the sum of two hundred and ten dollars and forty cents, which was not paid or settled so late as the 6th of December, 1854—the time witness left— except thirty dollars paid between the two last mentioned dates. The plaintiff also gives credit for a like sum paid by the master of said boat, Fulton, shortly after the due bill was given by Parker, the clerk. This due bill Parker states was given to the plaintiff by him to represent the balance due him at its date in August, 1854, without any reference to his monthly or annual wages. The evidence of Lee, clerk of the boat from the 12th of March, 1855, to 23d of July, 1855, shows that plaintiff was mate on the boat for the first four trips while witness was on her, and was paid by witness for every trip during the time he (witness) was on her until the 16th of June, 1855. He was paid in full for each trip, and receipts were given and entered on the portage book of the boat. The plaintiff, in the summer of 1855, said to wit- ness that there was money due him for services, for which a due bill had been given him by Fulton. The receipts of plaintiff, as shown by the portage book produced, are for the amount paid for each trip, and purport to be in full for each trip only ; witness did not know whether plaintiff had been paid for services in July and August, 1854, or not ; but the books of the boat showed no indebtedness to him while wit- ness was clerk.

Upon this state of facts the court was asked to declare that there was a presumption of payment; that the continuance of the plaintiff on the boat as mate after the demand sued on accrued, that is, from August 26, 1854, to June, 1855, and settlements from time to time, and the receipt by the plaintiff of his pay for subsequent trips, created a presump- tion, in the absence of rebutting proof, that the sum claimed has been paid. This instruction was refused, and instead

thereof the court declared substantially that the receipts in evidence, though admissible as circumstantial evidence tending to prove payment for the time sued for, are not conclusive, but are merely to be weighed by the court sitting as a jury.

There was no error in refusing the instruction asked by the appellants as to the legal effect of the receipts read in evidence. There could be no inference or presumption of law from these facts that the sum claimed had been paid. The receipts were for specific sums, each covering a given period of time, and expressed to be in full for each trip of the boat only. The circumstance of the receipt of money for services rendered subsequent to the time the claim in suit accrued could raise no presumption of this kind, for the receipts, in express terms, show that the wages, which they acknowledge to have been paid, accrued during a period different from that to which the claim sued on related. The plaintiff was employed as mate at different times during the years 1854 and 1855, and in every instance the receipts read in evidence specify particularly the time he was employed, the commencement and termination of the services, and the amount of wages paid for that period; and to have construed the receipts as asked by the appellants, would have given them an effect not warranted by any fair import of their terms, nor the understanding of the parties. Judgment affirmed.